May it please the court. Let's wait just one second. Let everyone get settled. No, you can stay at the podium. It's all right. Okay, Mr. Catmull. Ms. Catmull. Thank you. My name is Annie Catmull. I'm a bankruptcy lawyer who represents Robert Furlough. He's the appellant. Mr. Furlough owns a now-defunct manufacturer of commercial HVAC units. It's defunct because it filed a voluntary Chapter 7 bankruptcy that's liquidation, not reorganization. A Chapter 7 trustee gets appointed. Mr. Furlough asked his court to reverse the order approving a law firm to sue Mr. Furlough and some non-debtor companies to hold Mr. Furlough and his co-defendants liable for the debts of the estate. You're going to tell us, I hope, first why Mr. Furlough has standing? Yes, Your Honor. I won't go through all the standing hypotheticals I put in the brief, but the one that I think is most compelling is that the trustee is asking— NOV represents over 95 percent of the debt in the bankruptcy estate. That's in the appellee's Certificate of Interested Parties. The trustee is asking that the bankruptcy court hold Mr. Furlough liable for all of that debt. So what we've got is the same law firm representing the holder of all the debt and also representing the trustee. Mr. Furlough is—excuse me, I don't mean to cut you off. I want to give you plenty of time to present your argument. So Mr. Furlough is claiming standing as a creditor. Is that right? Because he purchased an interest as a creditor? That's one basis in a post-order. So as to that basis, he was not a creditor at the time the claims were made, and standing is determined at the time of the act, can't be conferred later. Yes, Your Honor. I concede the point that he had not filed a proof of claim at the time of the trial. I think I made the point during the hearing that because a two-year statute of limitation to sue creditors and insiders had not run, I allowed for the possibility that he would be sued under one of the Chapter 7 trustees, Chapter 5 causes of action. I completely concede that he had not filed a proof of claim at the time of the trial. But the point I'm trying to spit out is Mr. Furlough is going to defend this trustee lawsuit by, among other ways, saying, hey, that multimillion dollar NOV proof of claim, it's not legitimate. And if you knock out that claim, there's very little debt. There's very little debt, about $0.2 million, which is a lot of money to me, but in the grand scheme of this case, it's very little debt compared to the rest of NOV. So what if the law firm runs across information based on the defense asserted by Mr. Furlough that, hey, the NOV claim isn't legitimate? What is the law firm going to do with that information? And that impacts Mr. Furlough's rights, among other ways, because Mr. Furlough has to obey the Southern District of Texas rule to try and settle. A lot of people try and settle things in bankruptcy with trustees, but here we've got trustees counsel who represents both parties. It's going to make it impossible for Mr. Furlough to settle. For me, that's the most compelling standing argument, and it directs me to the Congolium case. I cited the court to a Third Circuit case, Henry Congolium. That's a Chapter 11 prepack. Prepack is bankruptcy lingo for the parties, the constituencies, having pre-bankruptcy gotten together and put together the outline, the deal points of the Chapter 11 plan. Congolium was getting sued by hundreds and thousands of claimants, asbestos claimants, and had basically been sued out of business almost. So plaintiff's counsel, an outfit called Perry Weiss, very high-powered plaintiff's counsel, directed Congolium to use a law firm called Gilbert Hines as debtor's counsel to deal with the insurers. And the game plan was in the prepack the insurance companies, who were not creditors in the Congolium case, were going to have to pay the debts. So there are obviously some differences, but I think it's roughly analogous to Mr. Furlough's situation. And the Third Circuit said, particularly when it comes to orders approving debtor's counsel, which implicates the integrity of the bankruptcy system, that parties, non-creditors have standing to object. And the Third Circuit went on to reverse the bankruptcy court. So that's my standing pitch. And then to get to the crux of the 327A matter, there's a difference between trustees' counsel and myself about which portion of 327A controls and then how to interpret it. And so my side says, well, the first point is, at trial, trustees' counsel conceded to the bankruptcy court, and stipulated that, okay, the trustees not going forward pursuant to subsection E of 327. And that matters because what that meant was trustees' counsel was going forward under 327A. And 327A has two qualifying provisions. One is they cannot represent, the law firm cannot represent an adverse interest. Well, in this case, NOV, you can't get a more adverse interest than the creditor who holds more than 95% of the debt against the bankruptcy estate. And the trustee has statutory duty, under the statute I cited in my brief, a statutory duty to investigate the claims. So that's an adverse interest that disqualifies them under 327A. Okay, I think there's a difference, an honest difference of opinion between the trustee and Mr. Furlow regarding whether or not 327C represents an exception to 327A's sensible two-step test, no adverse interest, no being disinterested. Sorry, no, you have to be disinterested. And I would ask the court to follow the cases, including in the Southern District of Texas, including by Judge Marvin Isker, who is the judge in this case, who, in my view, it's always good, smart money's on Judge Marvin Isker, in the contractor's case, where he wrote, when he entered an order approving special counsel, he wrote, no, no, 327C is not an exception to A. Rather, C just says the disqualification cannot be solely because a creditor objected. With that, unless any of the judges have questions, I'll reserve the balance of five minutes. Yes, you've saved time for rebuttal. Thank you, Ms. Catmull. Mr. Wentworth. Please support. Let me first address the standing issue. As the court points out, Mr. Furlow was not a creditor at the time, but this was this issue, this proceeding happened before the bankruptcy court. Mr. Furlow did not purchase this claim until after the court's decision on the trustee's motion to retain special counsel. So, obviously, the issue was never raised before the bankruptcy court. It was also never raised before the district court. And the briefs before this court is the first time it's ever been raised as an issue that Mr. Furlow actually has standing retroactively somehow. I believe that whether a party that purchases a claim gives him standing is essentially a question of fact. This is an issue that must go back to the bankruptcy court for a factual determination of whether Mr. Furlow, by purchasing this claim, has standing to object to this motion. That was never done by Mr. Furlow. We want to have the opportunity before the bankruptcy court to contest that. There is case law that I have cited in my brief that says that under certain circumstances, the purchase of a claim for an improper purpose will not give a party standing. And my point is that it's fairly obvious why Mr. Furlow bought this claim so he could confer himself standing for the purpose of objecting to this motion. Well, but you're skipping over the point I thought you had already made, which is if he wasn't a creditor at the time, then it's over with as a matter of law, isn't it? I don't know what facts there would be still to determine. Both sides agree that he was not a creditor at that time because he hadn't purchased the interest. So what needs to go back? Absolutely correct. No, it does not need to go back as it stands now. What I'm saying is that if Mr. Furlow wants to argue that he has standing because he purchased this claim, he has to go back to the bankruptcy court and move the bankruptcy court for essentially an order saying, I now have standing to object to this motion. I don't know whether that would be right for consideration, whether the bankruptcy court would take that up because it's essentially an issue that's already been decided. But in any event, that has never been done. But I agree. As it stands right now, Mr. Furlow is not a creditor and he does not have standing. Now, I also want to point out that we are dealing with a fairly restrictive standing issue because 327C limits the parties that may object in this particular circumstance to the United States trustee and to a creditor. That is more restrictive than the typical bankruptcy standing rules, which generally say that a party has to have some pecuniary interest in the outcome of the bankruptcy case. So we would argue that Mr. Furlow doesn't have a pecuniary interest in the outcome of the bankruptcy case, but certainly he doesn't meet the more restrictive requirements of 327C that says he has to be either a United States trustee or a creditor. So I think the standing is really a resolved issue before the court. Your Honor, I also want to address some of the issue regarding the merits of whether the proposed special counsel actually has some sort of a conflict of interest. Your Honor, there is some case language that Ms. Catmull has cited in her brief, which says essentially that you don't get to 327C without going through 327A and that 327C does not change the requirements of 327A, that you still have to meet the requirements of 327A before you even get to C. I would argue that that language was just not very carefully drawn, and some of it comes from some circuit courts. 327A explicitly says in the very first clause, except as otherwise provided in this section, which means that what comes after 327A is going to modify the terms of 327A. So in 327C says that if there is an objection to this special counsel retention, the court shall disapprove such employment if there is an actual conflict of interest. That is a modification of the disinterested requirement of 327A. In my mind, the disinterested requirement of A is wrong and doesn't require an actual conflict of interest. A party could be disqualified for a potential conflict of interest. In C, if this special counsel represents a creditor, the court has to find that there is an actual conflict of interest. So it is more restrictive than the requirements of A. Now, factually, in this case, the special counsel, there is really not even a potential for a conflict of interest at this point. NOV had a state court lawsuit against these same defendants pursuing NOV's own claims. The trustee has a parallel cause of action pursuing the estate's claims. The only way that there could be a conflict of interest between these parties is if they are both successful and are going after the same defendants to collect a judgment. That cannot happen in this case because NOV has agreed to contribute any recovery in their litigation to the bankruptcy state. So there is no dual loyalty on behalf of special counsel because everything that they're going to collect is going into the bankruptcy state. None of it is going to go directly in NOV's pocket. NOV is going to participate as the largest creditor of this bankruptcy state. I want to raise one issue relating to the objection to NOV's claim. There is no conflict because obviously 327C allows a creditor's lawyer specifically to represent the estate. So the fact that a creditor has a claim in the estate, which otherwise might be an adverse interest, is essentially ignored under 327C. The trustee has not objected to NOV's claim because it's not right. Bankruptcy trustees don't object to claims. The statute says that a trustee must object to claims if a purpose would be served. If there is no purpose to be served, no objection is required. As it stands right now, this bankruptcy estate does not have sufficient funds to pay general and secured claims. There is no purpose in objecting to NOV's claim right now. That's not to say that in the future, if we get a bunch of money in, there might not be a reason to do that. But as it stands right now, it's just not an issue. Second, I also want to point out that Mr. Furlow has objected to the claim. That is another good reason for the trustee not to object to the claim because if another party in interest is actually doing it, then it doesn't serve a purpose for the trustee to do it as well. Thank you. Your Honor, just one last thing I want to point out. There is a fair amount of language in the brief of Mr. Furlow that raises issues relating to the state disciplinary rules. All I would say about that is to the extent that the state disciplinary rules are an element of state law, I would argue that the bankruptcy code as federal law would preclude that under supremacy of federal law. So in my mind, the bankruptcy code can change the state law relating to conflicts of interest, which I think they have done here in this particular narrow instance. The last thing I want to mention is that the trustee's evidence shows that special counsel was disinterested for purposes of the motion. And this is as a result of the motion and an affidavit that was attached to the motion, which in my mind shifts the burden for purposes of the hearing to Mr. Furlow to prove that special counsel is not disinterested and not conflicted out. That was an issue that was also raised in Mr. Furlow's brief. Your Honor, that is all I have. All right. Thank you, Mr. Wentworth. Thank you, Your Honor. With that, we'll save time for Bo. Thank you, Your Honor. I'll work backwards. In my view, the burden has not shifted because nothing in the documents referred to by Mr. Wentworth in any manner whatsoever contemplate waiving any conflict. In fact, the only mention is that if we discover a conflict, then we'll talk about waiving it if it's waivable. Mr. Wentworth is correct. Mr. Furlow has objected to the proof of claim of NOV, and that was met through NOV responded through counsel, the law firm we're arguing about here today, that Mr. Furlow doesn't have standing, and the bankruptcy judge disagreed. He ruled that actually Mr. Furlow does have standing. Trustees' counsel, I disagree with trustees' counsel about whether or not no purpose would be served. I think that if the party who holds 95% of the claim, 95% of the debt were thereabout asserted against the bankruptcy estate, I feel like if that claim is illegitimate, that's the ultimate purpose of a trustee to knock out illegitimate claims and let the other creditors who hold legitimate claims get paid with what little estate assets there are. I disagree with one point of fact, and I'm sure it's unintentional, but NOV was not suing Mr. Furlow pre-bankruptcy. NOV was only suing Technicol pre-bankruptcy. NOV did not remember that they had been defrauded by Mr. Furlow, allegedly, until Technicol, who NOV was suing for breach of warranty, filed bankruptcy. That's when they decided they needed to sue Mr. Furlow. I direct the court to ROA 201, which is the portion of the trial transcript where, during a similar discussion about standing that I had with Judge Isger, I mentioned that it could be my client would get sued under Chapter 5 of the Bankruptcy Code where you reverse pre-bankruptcy transfers, and, in fact, that's what happened. Part of the trustee's lawsuit through this law firm is suing Mr. Furlow pursuant to Chapter 548, which are constructive and intentional fraudulent transfers. Under 11 U.S.C. 502c, and this is not in the brief, 502c allows creditors who, once they've been sued, get a judgment against them and pay, then they get to file a proof of claim for what they paid back to the estate. And I made that point to the court during trial. And then with respect to the how to parse 327c, the only point I'll make is Mr. Wentworth directed this court to the accept clause at the beginning of 327a, and we just read that differently. I read that to me to be a reference to the automatic language in 327c. In 327c, it's automatic that a law firm is disqualified if a creditor files an objection and there is a disqualifying adverse interest. So what I hear Mr. Wentworth arguing, and he can make his point a lot better than I can make his point, he seems to be urging no, c actually is a big exception to a, because of that accept clause, and I disagree with that. And then the final point I'll make is, you know, it was hard for Judge Isger to figure out exactly what potential conflicts were there because the lawsuit hadn't been filed yet, which makes sense. You know, law firms are not going to sue on behalf of the trustee until they've been hired by the trustee. Well, once that complaint was filed, after entry of this order, you know, other things came out, including the Chapter 5 cause of action. Thank you. Unless you have any questions, I'll see the podium. All right. Thank you, Ms. Catmull. Your case is under submission. Last case for today, Seals v. Landry.